IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CRIS DOCKERY**                                                                          **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:11cv408-TSL-MTP**

**TED HORVATH and**                                                                  **DEFENDANTS**
**JOHN DOES 1-10**

## ORDER

Presently before the Court is Plaintiff's [4] Motion for Permission to Serve Subpoenas Prior to Rule 26(f) Initial Attorney Conference in Order to Obtain and Preserve Electronic Evidence.  Having reviewed the motion, as well as the record in this cause of action, and being otherwise fully advised in the premises, the Court finds that the motion is not well taken and should be denied.

This cause of action, which principally alleges alienation of affection, was filed July 6, 2011.  Docket entry [1].[1]  Summons was issued for Defendant the same day.  Docket entry [2].  Summons was returned October 19, 2011, reflecting Defendant was served on September 12, 2011.  Docket entry [3].[2]

Although "counsel for Plaintiff has been in communication with counsel out of New York for Defendant," [4] at p. 1, there has been no appearance made or answer filed on

---

[1] Jurisdiction is based on 28 U.S.C. § 1332: Plaintiff is an adult resident citizen of Mississippi and Defendant is an adult resident citizen of Pennsylvania.  Plaintiff alleges that the alleged wrongful acts were committed in whole or part in Mississippi.

[2] The Proof of Service shows that the server, a deputy sheriff in Montgomery County, Pennsylvania, left the summons at Defendant's residence or usual place of abode with Defendant's wife on 9-12-11.  The language "and mailed a copy to the individual's last known address" is lined through.

Defendant's behalf.[3]  That fact explains why Plaintiff has no knowledge of an initial order issued by this Court.[4]  Plaintiff has not taken any steps to procure a default judgment, thereby leaving the case in procedural limbo.

Plaintiff's current [4] motion seeks "permission to serve subpoenas on any known third party through which Defendant . . . and Plaintiff's now ex-wife have communicated, prior to the Rule 26(f) attorney conference requirement, in an effort to obtain critical evidence and prevent it from being lost." [4] at pp. 1-2.  As the only communications referred to in the [4] motion appear to be between Defendant and Plaintiff's ex-wife "through electronic means such as cellular phone, telephone, text messaging, and/or email," *id.* at p. 1, it appears that any known third party, who is not otherwise identified, are the providers of these services for both Defendant and Plaintiff's ex-wife.  Plaintiff's subpoena request is based on his "understanding and belief that this type of electronic information is time sensitive." *Id.*

Plaintiff did not submit a memorandum brief with his motion as required by L. U. Civ. R. 7(b)(4).  Thus, the legal support for the request is unclear.  The Court is concerned with the procedural posture of this case, as the motion is submitted when the Defendant has not appeared.[5]

---

[3]Plaintiff "represents that any subpoena issued will be provided to New York counsel for Defendant . . ." [4] at p. 2.

[4]Under L. U. Civ. R. 16(a), "[t]he court will issue an Initial Order setting the deadline for the attorney conference required by Fed. R. Civ. P. 26(f) and a date for a case management conference [CMC] with the magistrate judge.  The court will strive to set the case management conference within sixty days of the filing of the first responsive pleading."

[5]Under L. U. Civ. R. 45(e), "[m]otions regarding subpoenas will be considered discovery motions and are governed by the procedural requirements that govern discovery motions."  In addition, L. U. Civ. R. 26(e) makes special provision for conferring under Fed. R. Civ. P. 26(f) on "topics relating to electronically stored information [ESI]."

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from *any source* before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." (Emphasis added). Rule 26(d) has been interpreted to apply its requirements to subpoenas issued to non-parties. *Crutcher v. Fidelity National Insurance Co.*, 2007 WL 430655, at *2 (E.D. La. 2007). *See also Platinum Manufacturing International, Inc. v. Uninet Imaging, Inc.*, 2008 WL 927558, at *1 n.2 (M.D. Fla. 2008) (citing *Crutcher*). Thus, Plaintiff has complied with the procedural requirement of Rule 26(d) by asking permission to serve subpoenas prior to the Rule 26(f) initial conference.

However, courts also impose a showing of good cause upon the party seeking to issue subpoenas to non-parties prior to a Rule 26(f) conference. *Crutcher*, at *2; *Platinum Manufacturing International, Inc.*, at *1. In the instant case, Plaintiff has not established good cause. He has made no particularized showing and has not offered any evidentiary support that the alleged evidence/discovery material will be lost. The assertions in his motion are supported only by understanding and belief, and are vague and conclusory at best. These failures are exacerbated by no input from a party whose absence before this Court–almost four months after the complaint was filed–is not explained, which absence also prevents the important objectives of Rule 26(f) from being fulfilled.

Accordingly, **IT IS ORDERED**:

Plaintiff's [4] Motion for Permission to Serve Subpoenas Prior to Rule 26(f) Initial Attorney Conference in Order to Obtain and Preserve Electronic Evidence is **DENIED.**

**SO ORDERED** this the 27th day of October, 2011.

s/ Michael T. Parker
United States Magistrate Judge
